UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIDEO COMMUNICATIONS, INC., <br> Plaintiff <br><br> v. <br><br> MATTHEW R. FLECK, <br> Defendant | CIVIL ACTION NO.: 04-30068-MAP |

## ANSWER OF DEFENDANT MATTHEW FLECK

Defendant, Mathew Fleck hereby submits his answer to the Complaint for Declaratory and Further Relief ("Complaint") by Plaintiff, Video Communications, Inc. ("VCI").

### The Parties and Jurisdiction

1. Mr. Fleck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Mr. Fleck admits the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains legal conclusions regarding jurisdiction to which a responsive pleading is required.

### Factual Background

4. Mr. Fleck admits that VCI creates computer software that it licenses to television stations, radio stations and cable channels. Mr. Fleck otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 4 of the Complaint.

5. Mr. Fleck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint regarding the extent of VCI's client base.

6. Mr. Fleck is without knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 6 of the Complaint.

7. Mr. Fleck is without knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 7 of the Complaint.

8. Mr. Fleck is without knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 8 of the Complaint.

9. Mr. Fleck is without knowledge or information sufficient to form a belief as to the truth of the allegations as stated in Paragraph 9 of the Complaint.

10. Mr. Fleck admits the allegations contained in Paragraph 10 of the Complaint.

11. Mr. Fleck is without knowledge or information sufficient to form a belief as to the intent of documents created by VCI, but admits that he signed a consulting agreement with VCI, which agreement contained a non-competition provision.

12. Mr. Fleck admits the allegations contained in Paragraph 12 of the Complaint.

13. Mr. Fleck admits the allegations contained in Paragraph 13 of the Complaint.

14. Mr. Fleck admits that on or about April 16, 1997 he signed an employment agreement with VCI the content of which speaks for itself

15. Mr. Fleck admits the allegations contained in Paragraph 15 of the Complaint.

16. Mr. Fleck responds that the employment agreement signed by him and referenced in Paragraph 16 of the Complaint speaks for itself. To the extent the allegations contained in Paragraph 16 of the Complaint are inconsistent with the terms of such employment agreement, those allegations are denied.

17. Mr. Fleck responds that the employment agreement signed by him and referenced in Paragraph 17 of the Complaint speaks for itself. To the extent the allegations contained in

- 3 -

Paragraph 17 of the Complaint are inconsistent with the terms of such employment agreement, those allegations are denied.

18. Mr. Fleck responds that the employment agreement signed by him and referenced in Paragraph 18 of the Complaint speaks for itself. To the extent the allegations contained in Paragraph 18 of the Complaint are inconsistent with the terms of such employment agreement, those allegations are denied.

19. Mr. Fleck responds that the employment agreement signed by him and referenced in Paragraph 19 of the Complaint speaks for itself. To the extent the allegations contained in Paragraph 19 of the Complaint are inconsistent with the terms of such employment agreement, those allegations are denied.

20. Mr. Fleck responds that the employment agreement signed by him and referenced in Paragraph 20 of the Complaint speaks for itself. To the extent the allegations contained in Paragraph 20 of the Complaint are inconsistent with the terms of such employment agreement, those allegations are denied.

21. Mr. Fleck responds that the employment agreement signed by him and referenced in Paragraph 21 of the Complaint speaks for itself. To the extent the allegations contained in Paragraph 21 of the Complaint are inconsistent with the terms of such employment agreement, those allegations are denied.

22. Mr. Fleck admits that he performed work for VCI at its offices located in Springfield, Massachusetts between 1996 and 1998 but otherwise denies the allegations contained in Paragraph 22 of the Complaint.

23. Mr. Fleck admits the allegations contained in Paragraph 23 of the Complaint.

24. Mr. Fleck admits that during his employment he had access to certain of VCI's business related information. Mr. Fleck otherwise is without knowledge or information sufficient to form a belief regarding the remaining allegations as stated in Paragraph 24 of the Complaint.

25. Mr. Fleck admits the allegations contained in Paragraph 25 of the Complaint.

26. Mr. Fleck admits the allegations contained in Paragraph 26 of the Complaint.

27. Mr. Fleck admits the allegations contained in Paragraph 27 of the Complaint.

28. To the extent the allegations contained in Paragraph 28 of the Complaint refers to a document, Mr. Fleck answers that such document speaks for itself. To the extent the allegations contained in Paragraph 28 of the Complaint are inconsistent with such document, those allegations are denied.

29. Mr. Fleck admits that he attempted to negotiate a severance package with VCI, the terms of which were not acceptable. Mr. Fleck denies that he refused to accept a severance package.

30. To the extent the allegations contained in Paragraph 30 of the Complaint refer to a document, Mr. Fleck answers that such document speaks for itself. To the extent the allegations contained in Paragraph 30 of the Complaint are inconsistent with such document, those allegations are denied.

31. Mr. Fleck denies the allegations contained in Paragraph 31 of the Complaint.

32. Mr. Fleck denies the allegations contained in Paragraph 32 of the Complaint.

33. To the extent the allegations contained in Paragraph 33 of the Complaint refer to a document, Mr. Fleck answers that such document speaks for itself. To the extent the allegations contained in Paragraph 33 of the Complaint are inconsistent with such document, those allegations are denied.

34. To the extent the allegations contained in Paragraph 34 of the Complaint refers to a document, Mr. Fleck answers that such document speaks for itself. To the extent the allegations

contained in Paragraph 34 of the Complaint are inconsistent with such document, those allegations are denied.

35. Mr. Fleck denies the allegations contained in Paragraph 35 of the Complaint.

36. The allegations contained in Paragraph 36 of the Complaint contain legal conclusions to which a responsive pleading is not required. To the extent a responsive pleading is required, Mr. Fleck is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding VCI's understanding of its own legal position and otherwise denies the allegations contained in Paragraph 36 of the Complaint.

37. The allegations contained in Paragraph 37 of the Complaint contain legal conclusions to which a responsive pleading is not required. To the extent a responsive pleading is required, Mr. Fleck denies the allegations contained in Paragraph 38 of the Complaint.

38. The allegations contained in Paragraph 38 of the Complaint contain legal conclusions to which a responsive pleading is not required. To the extent a responsive pleading is required, Mr. Fleck denies the allegations contained in Paragraph 38 of the Complaint.

Mr. Fleck denies generally that VCI is entitled to the relief sought, including but not limited to, equitable relief, monetary damages or costs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

VCI is barred from relief because it has sustained no damages.

### Third Affirmative Defense

VCI is barred from the relief sought in the Complaint because the purported employment agreement, including the post-employment restrictive covenants between it and Mr. Fleck, is

unenforceable as a matter of law. The restrictive covenants that VCI seeks to enforce in the Complaint are void and unenforceable, as applied to Mr. Fleck in this case, because they do not protect VCI's legitimate business interests, they are not reasonably limited in time or scope and otherwise are unreasonable and they are not consistent with the public interest and further are unenforceable under the laws of the state of California.

### Fourth Affirmative Defense

VCI is barred from the relief sought because it unlawfully terminated Mr. Fleck's employment.

### Fifth Affirmative Defense

VCI is barred from the relief sought by its own actions or conduct and thereby has waived its claims contained in the Complaint, including having breached the terms of Mr. Fleck's employment agreement.

### Sixth Affirmative Defense

VCI's claims are barred or reduced by VCI's failure to mitigate any damages claimed to have been caused by Mr. Fleck.

### Seventh Affirmative Defense

VCI's claims are barred or reduced by VCI's unclean hands.

### Eighth Affirmative Defense

VCI is not entitled to relief because of its breach of its contractual obligations to Mr. Fleck thereby relieving him of any obligations under his employment agreement with VCI.

### Ninth Affirmative Defense

To the extent Mr. Fleck's employment agreement is lawful, it is not entitled to relief because Mr. Fleck has not breached the terms of that agreement, including the post-employment restrictive covenants.

### Tenth Affirmative Defense

VCI is not entitled to the relief sought in the Complaint because it has failed to show that it would suffer irreparable harm, and has not suffered irreparable harm, as a result of any conduct by Mr. Fleck.

### Eleventh Affirmative Defense

This Court lacks personal jurisdiction over Mr. Fleck.

WHEREFORE, Mr. Fleck requests that this Court dismiss the Complaint in its entirety and with prejudice and enter judgment in Mr. Fleck's favor and award him reasonable attorneys' fees and costs.

## JURY DEMAND

Mr. Fleck hereby demands a trial by jury on issues so triable.

Respectfully submitted,

**MATTHEW FLECK,**

By his attorneys,

_____
Bret A. Cohen (BBO #637830)
Beverly A. Carrieri (BBO # 634599)
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

Dated: June 29, 2004

## CERTIFICATE OF SERVICE

I hereby certify that this 29th day of June 2004, the foregoing **Answer of Defendant Matthew Fleck** was served upon counsel for the Plaintiff by first-class mail to:

Marwan Zubi, Esq.
Nicolai Law Group, P.C.
146 Chestnut Street
Springfield, MA  01101

_____
Beverly A. Carrieri